UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | |
| $37,944.00 IN U.S. CURRENCY AND § | |
| JAPANESE YEN, § | |
| § | |
| Defendant in rem § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

United States of America, Plaintiff, files this action for forfeiture against $37,944.00 in United States currency and Japanese yen and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

*Nature of the Action*

1. This is an action to forfeit Defendant in rem to the United States pursuant to 31 U.S.C. § 5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is $37,944.00 in United States currency and Japanese yen that was seized from Keiji Inomata on May 15, 2011, at the George Bush

Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas;
>
> b. the property was found in the Southern District of Texas; and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture under 31 U.S.C. § 5317(c)(2). This section provides for the civil forfeiture of any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c).

6. Under 31 U.S.C. § 5316(a)(1)(B), a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States.

7. Under 31 U.S.C. § 5324(c)(1), no person shall, for the purpose of evading the reporting requirements of section 5316, fail to file a report required by 31 U.S.C. § 5316. Also under 31 U.S.C. § 5324(c)(2), no person shall, for the purpose of evading the reporting requirements of section 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact.

### *Facts*

8. On May 15, 2011, passenger Keiji Inomata arrived into the United States of America from Tokyo, Japan, onboard Continental airlines flight number 6 in transit to Bogota, Colombia, at the George Bush Intercontinental Airport, Houston, Texas. While being processed through Customs, Customs and Border Protection officer (CBP Officer) Edmundo Luna asked Mr. Inomata if he was transporting $10,000 or more in cash or any other monetary instruments to which Mr. Inomata answered "no." Mr. Inomata said that he was carrying $9,000. The officer advised Mr. Inomata that it was not illegal to transport more than $10,000, but he needed to declare the money. Mr. Inomata signed the back of the CBP Publication 503 on which he declared $9,000.

9. After he declared that he had only $9,000, CBP Officers Luna and Rene Rutledge escorted him to baggage control secondary. There the officers inspected

Mr. Inomata's luggage and found that he was carrying $30,257 in United States currency and $625,000 in Japanese yen which was converted to $7,687 in United States currency. In total, the officers found $37,944 in his possession; these funds were seized for forfeiture.

10. After the discovery of the funds, Special Agent Michelle L. Gonzalez questioned Mr. Inomata as to why he did not declare all of the funds. Mr. Inomata said that he just lied, he thought he could just go quickly through.

*Relief Requested*

11. Plaintiff requests a) an arrest Warrants and summons, citing all persons having an interest in the Defendant in rem to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court, b) a judgment of forfeiture, and c) costs and other relief to which the Plaintiff may be entitled.

Dated: July 20, 2011.

Respectfully submitted,

José Angel Moreno
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907

SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129,
Houston, Texas  77208
Office: (713) 567-9579
Fax: (713) 718-3300
E-mail: albert.ratliff@usdoj.gov

## VERIFICATION

I, Michelle L. Gonzalez, Special Agent, United States Homeland Security Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this verified complaint for forfeiture in rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief. Executed on July 20, 2011.

_____
Michelle L. Gonzalez, Special Agent
U. S. Homeland Security Investigations